95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Cody ALLISON, Plaintiff-Appellant,
v.
Travis BADGETT, Deputy Warden; Samuel Lewis; Grant Woods,
Attorney General; Sue Boers; Tim Murphy; Dewayne Beck;
Tom McDonald; Fife Symington; J.C. Keeney; Gordon Bueler;
Mark Albrecht; Christl; R. Cochran; William Haro; Meg
Savage; B. Narrine, J.R. Upchurch C. Ryan, Warden,
Defendants-Appellees.
 No. 95-17351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Robert Cody Allison appeals pro se the district court's grant of summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action.
 
 
 3
 We AFFIRM.
 
 
 4
 The district court did not err in dismissing Allison's claims relating to Casey v. Lewis, Gluth v. Kangas, and Hook v. State of Arizona because Allison is a member of the classes certified in these actions. Allison must seek relief through the Office of the Special Master who is monitoring compliance with these decisions. Further, the Assistant Special Master who investigated Allison's allegations determined that any violations that may have existed have been remedied.
 
 
 5
 The district court did not err in dismissing the claims against Struck, Jones, Skelton and Hochuli. They did not act under color of state law by representing the individual defendants in Casey, as required by § 1983. The law firm cannot be liable under § 1983 for the actions of its lawyers based on a theory of respondeat superior. See Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658 (1978).
 
 
 6
 Allison also alleges several acts of retaliation for filing his complaint. To establish retaliation for the exercise of constitutionally protected rights, Allison "must initially show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision." Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). See also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Allison must also show that the allegedly retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). He has not come forward with specific facts sufficient to support his allegations and avoid summary judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3